11-2178-ag
Yang v. Holder

BIA
Nelson, IJ
A087 443 590

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of April, two thousand twelve.

PRESENT:
        JON O. NEWMAN,
        ROBERT A. KATZMANN,
        DENNY CHIN,
            *Circuit Judges.*

---

ZHAO ZHONG YANG,
        *Petitioner*,

      v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

11-2178-ag
NAC

---

FOR PETITIONER:     Michael Lehach, Lehach & Filippa, LLP, New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhao Zhong Yang, a native and citizen of the People's Republic of China, seeks review of an April 29, 2011, decision of the BIA affirming the June 24, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhao Zhong Yang*, No. A087 443 590 (B.I.A. Apr. 29, 2011), *aff'g* No. A087 443 590 (Immig. Ct. N.Y. City June 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, and assumed that Yang's asylum application was timely filed. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Yang's, governed by the amendments made to the Immigration and Nationality Act by

2

the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). In this case, the IJ reasonably based her adverse credibility finding on the inconsistencies between Yang's application and his testimony, as well as the implausibilities in his testimony.

In his asylum application, Yang indicated that he was not home when the officials came to take him for sterilization, and that they told his wife that he must report to the family planning office within ten days, but he testified that officials came to his home and told him personally that he must report "the next day" for sterilization. Additionally, although Yang stated in his application that family planning officials continued to search for him, and returned to his home several times, he

3

testified only that he went into hiding after the initial visit, without mentioning that the officials ever returned to his home.  Yang also gave inconsistent testimony regarding when and where he was baptized, vacillating between October 2007 and October 2008 before eventually settling on 2008 in New York, and then later testifying that he was first baptized in 2004 at his church in China, Yang submitted as evidence a baptismal certificate showing that he was baptized in New York on December 21, 2008.

The IJ also reasonably relied on Yang's implausible testimony to support her adverse credibility finding.  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).  The IJ reasonably found implausible Yang's testimony that his wife was too ill to undergo a sterilization procedure given that Yang did not know anything about her illness or treatment.  The IJ also reasonably found implausible Yang's submission of his baptismal certificate from his church in China, on church letterhead with a seal, given that Yang had testified that the church was an underground church seeking to remain secret.

4

Based on these inconsistencies and implausibilities, the totality of the circumstances supports the agency's adverse credibility determination, and we will defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Yang's life or freedom, or that he was likely to be tortured, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5